IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Robert S. Maxey, Jr., )
    Petitioner, )
 )
v. ) No. 1:23cv1389 (RDA/LRV)
 )
New Kent Circuit Court, et al., )
    Respondents. )

MEMORANDUM OPINION and ORDER

Robert S. Maxey, Jr., ("Maxey" or "Petitioner"), a Virginia inmate proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No.1. He is detained pursuant to his convictions in the Circuit Court of New Kent County on July 3, 2012 for possession of burglary tools and destruction of property; and was sentenced to a total of ten years in prison with eight years and seven months suspended. On January 25, 2022, the circuit court issued a show cause order. On October 24, 2022, the circuit court found Maxey violated the terms of his probation. On November 12, 2022, the circuit court entered an order revoking the balance of his suspended sentences and then re-suspended three years and one month, leaving him with four years to serve. On December 13, 2023, the Respondent filed a Rule 5 Answer and a Motion to Dismiss, with supporting briefs and exhibits, asserting the matter should be dismissed because Petitioner has failed to exhaust his state remedies. Petitioner has been advised of his right to file responsive materials to the motion to dismiss pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), but has not done so. Accordingly, this matter is now ripe for disposition. Upon review of the pleadings, this matter must be dismissed without prejudice for failure to exhaust.

## I. Procedural History

On June 25, 2012, Petitioner pleaded guilty to possession of burglary tools, in violation of Virginia Code § 18.2-94, and destruction of property, in violation of Virginia Code §18.2-137 in New Kent Circuit Court, Virginia, and was sentenced to a total of ten years in prison, with eight years and seven months suspended. Final judgment was entered on July 3, 2012. Dkt. No. 10-1. On November 14, 2022, the circuit court found Petitioner violated the terms of his suspended sentences, revoked the suspended time, and then re-suspended three years and one month of his sentences. Dkt. No. 10-2.

Petitioner, by counsel, appealed the revocation to the Court of Appeals of Virginia. He asserted that "the trial court abused its discretion in (i) refusing to resuspend his entire sentence to allow him to participate in a drug treatment program and (ii) denying his motion to reconsider his sentence." Dkt. No. 10-4 at 1. The Court of Appeals of Virginia affirmed the judgment of the circuit court. *Maxey v. Commonwealth*, Record No. 1725-22-2, 2023 Va. App. LEXIS 658, *1 (Va. Ct. App. Oct. 3, 2023).

Petitioner, by counsel, filed a petition for appeal in the Supreme Court of Virginia, asserting that the Court of Appeals of Virginia erred in not granting relief on the two assignments of error Maxey raised in that court. Dkt. No. 10-5; *Maxey v. Commonwealth*, Record No. 230736. The petition is still pending.

On October 4, 2023, proceeding *pro se*, Maxey filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court in which he raised the following ten claims:

> I. Petitioner received the ineffective assistance of counsel during the most recent probation violation proceedings because counsel had a conflict of interest.

    II.    Ineffective assistance of counsel, as counsel did not argue that petitioner was not lying when petitioner informed the trial court that he was prescribed fentanyl in a hospital.

    III.    Sentencing claim.

    IV.    Petitioner did not lie to the court.

    V.    The trial court had a conflict.

    VI.    The trial court abused its power by refusing to look at documentation proving that petitioner was prescribed fentanyl.

    VII.    The guidelines used were incorrect.

    VIII.    Ineffective assistance of appellate counsel.

    IX.    The Commonwealth changed its position on allowing petitioner to enter drug court.

    X.    Petitioner's probation officer used the wrong guidelines sheet.[1]

## II. Exhaustion

Exhaustion is a matter of comity to the state courts, and failure to exhaust requires dismissal from federal court to permit the petitioner to present his claims to the state courts. *See* 28 U.S.C. 2254(b); *Preiser v. Rodriguez*, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Thus, petitioner must present the same factual and legal claims raised in the instant case to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. *See Picard v. Connor*, 404 U.S. 270 (1971). In reviewing federal challenges to state proceedings, "[s]tate courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that [his or her] continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *O'Sullivan*, 526 U.S. at 844.

---

[1] Maxey's petition did not use a consistent numbering scheme. The Court has used Roman numerals for clarity.

3

Petitioner has not disputed respondent's assertion that the claims in his § 2254 petition are unexhausted, which means none of his claims have been presented in state court through the Supreme Court of Virginia. Because he has apparently not filed a state petition for a writ of habeas corpus and his direct appeal is still pending, Petitioner has state remedies available. Under Virginia Code § 8.01-654(A)(2), the petitioner can file "[a] habeas corpus petition attacking a criminal conviction or sentence shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Accordingly, it is hereby

**ORDERED** that the respondent's motion to dismiss, Dkt. No. 8, is **GRANTED**; and it is

**FURTHER ORDERED** that this petition be and is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust the claims presented. Petitioner may resubmit his claims to this Court after he has exhausted them at the Supreme Court of Virginia.

If petitioner wishes to appeal this decision, he must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement indicating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the Court. Petitioner must also request a certificate of appealability from a circuit justice or judge. *See* 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Order to petitioner and counsel of record for the respondent, and to close this civil action.

Entered this ___8___ day of ___March___ 2024.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge